FILED
AUG 15 2008
8-15-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ZANG, ) | |
| ) | |
| Plaintiff, ) | Case No.: 08-cv-3370 |
| ) | Judge St. Eve |
| v. ) | Magistrate Judge Mason |
| ) | |
| ALLIANCE FINANCIAL SERVICES OF ) | |
| ILLINOIS, LTD. and ) | |
| BURTON STERN, ) | |
| ) | |
| Defendants. ) | |

## JOINT INITIAL STATUS REPORT

1. **The Nature of the Case**

   A. <u>Plaintiff's counsel</u> – Karl W. Roth (lead trial attorney).

   <u>Defense counsel</u> – Richard S. Jalovec (lead trial attorney); Daniel G. Austin.

   B. <u>Basis for federal jurisdiction</u>. Jurisdiction is predicated upon a federal question under 28 U.S.C. §§ 1331, 1357 in that this is an action involving a federal securities fraud claim under 15 U.S.C. § 78j and 17 C.F.R. § 240.10B-5 and supplemental jurisdiction of Illinois claims under 28 U.S.C. § 1367.

   C. <u>Nature of Claims</u>. Plaintiff John Zang ("Zang") alleges Defendants defrauded him of $37,500.00 as part of a business broker scheme in which Defendant Burton Stern ("Stern") represented to Zang that he would help Zang acquire a business using third-party financing involving life insurance policies. Defendants have not yet determined if any counterclaim will be asserted.

   D. <u>Major Legal Issues</u>. Does the Illinois Consumer Fraud Act apply to this transaction? Does the Plaintiff state a federal question?

   <u>Major Factual Issues</u>. Did Stern knowingly misrepresent to Zang that he had the

ability to broker and finance the acquisition of a business for Zang?

E. <u>Relief Sought by Plaintiff</u>. Zang seeks damages of $37,500.00 representing the money he paid Stern, plus recovery of his attorneys' fees and costs pursuant to the Illinois Consumer Fraud Act.

2. **Pending Motions and Case Plan**

A. There are no pending motions. Defendants intend to file a Rule 12 motion.

B. Discovery Plan:

    A. Written and Oral is needed, possibly third-party discovery.

    B. Rule 26(a)(1). September 30, 2008.

    C. – F. The parties agree that the closing date for fact discovery should depend on the date that all motions affecting the pleadings are decided.

C. With respect to trial:

    A. Plaintiff has requested a jury trial.

    B. Probable length of trial is 2-3 days.

    C. It is unknown when the case will be ready for trial at this time.

3. **Consent to Proceed Before a Magistrate Judge**

The parties consent to proceed before the Magistrate Judge.

4. **Status of Settlement discussions**

A. Yes, settlement discussions have occurred.

B. Presently, counsels are discussing the possibility of settlement.

C. The parties would request a settlement conference in the event present discussions prove unsuccessful.

2

/Respectfully submitted,

| /s/ Karl W. Roth | /s/ Daniel G. Austin |
|---|---|
| Karl W. Roth, Esq. | Daniel G. Austin, Esq. |
| Attorneys for Plaintiff John Zang | Richard S. Jalovec, Esq. |
| 111 W. Washington St., Ste. 1437 | Attorneys for Defendants |
| Chicago, IL 60602 | 1021 W. Adams St., Ste. 102 |
| (312) 419-9599 | Chicago, IL 60607 |
| Fax (312) 419-9559 | (312) 829-2300 |
| | Fax (312) 829-3729 |